E-FILED
Tuesday, 24 July, 2018 04:48:08 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-30001 |
| ) | |
| VICTOR JAMES, ) | |
| ) | |
| Defendant. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Does a conviction for conspiracy to distribute marijuana qualify as a "violation of narcotics laws" under 29 U.S.C. § 504 so as to disqualify an individual from a leadership position in a labor organization?

It does not.

Therefore, the Defendant's motion to remove the disability imposed by § 504 is moot.

On August 26, 2004, Defendant Victor James pled guilty to conspiracy to distribute marijuana. On March 10, 2008, Mr. James was released from the custody of the Bureau of Prisons. He successfully completed his supervised release term. Mr. James returned to his job with the United Parcel Service (UPS),

where he has worked for 21 years. The motion states that Mr. James has had no trouble with the law since his release from prison.

Since his release, Mr. James has held volunteer positions with Teamsters Local Union 745. In April of 2017, he took the position of business agent for Teamsters Local Union 745 in El Paso, Texas. After he assumed that position, Mr. James learned that a person "who has been convicted of, or served any part of a prison term resulting from . . . [a] violation of narcotics laws" from serving as a "business agent" for a "period of thirteen years after such conviction or after the end of such imprisonment." 29 U.S.C. § 504(a). Mr. James notes that § 504(a) allows for relief from this disability in certain circumstances.

In its response, the Government states that the term "narcotic drug" as defined when § 504 was enacted in 1959, and under current federal law, is restricted to heroin, cocaine, opium, their precursors or derivatives and other opiates having an addictive quality similar to morphine. *See* 21 U.S.C. § 802(17). Therefore, the Department of Justice considers a "violation of narcotic laws" to be those offenses involving controlled substances federally classified as "narcotic drugs."

Because Mr. James was convicted of conspiracy to distribute 100 or more kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(B) and § 846, which is not a violation of narcotics laws, he is not prohibited from holding union office

or employment or serving in other prohibited capacities.  Attached to the Government's response is a letter from Stephen J. Willertz, Director, Office of Field Operations, for the U.S. Department of Labor, Office of Labor-Management Standards (OLMS).  Mr. Willertz states that OLMS has reviewed information relating to Mr. James's conviction and determined that because § 504 applies to drug convictions only when they involve narcotics and marijuana is not classified as a narcotic, Mr. James's 2004 conviction does not disqualify him from union service prohibited by § 504.

Based on the Government's response, the Defendant's motion is moot and will be dismissed.

Ergo, the Defendant's Motion to Remove Disability Imposed by Title 29, United States Code Section 504 [d/e 101] is DISMISSED as Moot.

ENTER: July 20, 2018

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge